IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 16-50872 |
| SANJEL CANADA LTD., | § | |
|     Debtor in a foreign proceeding. | § | Chapter 15 |
| | § | |
| | § | Joint Administration Pending |

## EMERGENCY MOTION FOR JOINT ADMINISTRATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED FOR A HEARING ON APRIL 13, 2016 AT 10:00 A.M. (CENTRAL).  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

PricewaterhouseCoopers Inc. ("PwC" or "Monitor"), in its capacity as the court appointed and authorized foreign representative (the "Foreign Representative") of Sanjel Canada Ltd. and the debtors listed below (each a "Prior Chapter 15 Debtor" and collectively, the "Prior

Chapter 15 Debtors")[1] in a proceeding (the "CCAA Proceeding") commenced under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C36, as amended (the "CCAA") and pending before the Court of Queen's Bench of Alberta (the "Canadian Court"), hereby submits this *Emergency Motion for Joint Administration* (the "Motion"), and respectfully states:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and section 1501 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1410.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4.      On April 4, 2016 (the "Petition Date"), the Monitor, in its capacity as the Foreign Representative, filed Chapter 15 petitions (the "Petitions") on behalf of the Prior Chapter 15 Debtors.  Sanjel Canada Ltd. is filing a chapter 15 petition contemporaneously herewith.

5.      On April 5, 2015, this Court granted the Monitor's motions to jointly administer the cases of the Prior Chapter 15 Debtors.  The cases of the Prior Chapter 15 Debtors are being jointly administered under Case No. 16-50778.

<u>**EMERGENCY CONSIDERATION**</u>

6.      The Monitor requests emergency consideration of this Motion.  The Monitor believes an immediate and orderly transition into chapter 15 is critical to the pending sale of the assets of Sanjel Canada Ltd. and the other Prior Chapter 15 Debtors.  Because asset sale negotiations are ongoing and the assets of Sanjel Canada Ltd. are part of the contemplated sale,

---

[1] The debtors in these Chapter 15 cases are as follows: Sanjel Corporation ("Sanjel Corp."), Suretech Group Ltd. ("Suretech"), Sanjel Energy Services (USA) Inc. ("Sanjel Energy"), Sanjel (USA) Inc. ("SUSA"), Suretech Completions (USA) Inc. ("Suretech USA"), Sanjel Capital (USA) Inc. ("Sanjel Capital"), Terracor Group Ltd. ("Terracor Group"), Terracor (USA) Inc. ("Terracor USA"), Terracor Resources (USA) Inc. ("Terracor Resources") and Terracor Logistics (USA) Inc. ("Terracor Logistics") (collectively, the "Prior Chapter 15 Debtors").

the Monitor believes that emergency consideration is necessary and request that this Motion be heard as soon as possible on the Court's docket.

## RELIEF REQUESTED

7.      The Monitor respectfully requests that the Court enter an order (the "Order"), substantially in the form attached hereto as Exhibit A, granting joint administration of this case with the cases of the Prior Chapter 15 Debtors pursuant to Bankruptcy Code §§ 1519 and 1521, Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Local Rules") for procedural purposes only.[2]

8.      The Monitor also requests that the Court direct the Clerk of the Court to enter a notation substantially similar to the following on the docket in this case:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Sanjel (USA) Inc., Sanjel Corporation, Suretech Group Ltd., Sanjel Energy Services (USA) Inc., Suretech Completions (USA) Inc., Sanjel Capital (USA) Inc., Terracor Group Ltd., Terracor (USA) Inc., Terracor Resources (USA) Inc., Terracor Logistics (USA) Inc., and Sanjel Canada Ltd.  The docket in Case No. 16-50778 should be consulted for all matters affecting these cases.

## BASIS FOR REQUESTED RELIEF

9.      Bankruptcy Code § 1519 permits this Court upon the filing of a petition under chapter 15 to grant relief, including appropriate relief under Bankruptcy Code § 1521(a)(7), where "needed to protect the assets of the debtor or interests of creditors."  11 U.S.C. § 1519. Bankruptcy Code § 1521(a)(7) permits this Court, upon request of a foreign representative, to grant any "additional relief that may be available to a trustee," which includes joint

---

[2] As required by Bankruptcy Local Rule 1015, the Order tracks the form of order prescribed by the Court on the Court's website.  Such form of order is available at www.txwb.uscourts.gov/node/95.

4846-5400-2992.1
113232\000001
04/11/2016 5:02 PM

administration.  11 U.S.C. § 1521.  Further, Bankruptcy Rule 1015(b) allows for the joint administration of a debtor and its affiliates.  *See* FED. R. BANKR. P. 1015(b).

10.      Sanjel Canada Ltd. and each Prior Chapter 15 Debtor is a part of the same corporate family and is managed by the same management.  Joint administration will benefit the resolution of the Chapter 15 cases, preserve estate assets and will avoid considerable and unnecessary expense and loss of time by obviating the necessity for filing duplicate motions, requesting duplicate orders, and forwarding duplicate notices that affect Sanjel Canada Ltd. and one or all of the Prior Chapter 15 Debtors, their creditors, and parties in interest.  Joint administration will further ensure that parties affected by each of the Chapter 15 cases will be apprised of the various matters that will be heard by this Court in the Chapter 15 cases.

11.      In addition to saving considerable time and expense, joint administration of this case with the prior Chapter 15 cases will preserve the Court's resources by avoiding duplicative notices, applications, and orders.  Among other things, joint administration will permit the Clerk of the Court to use a single docket for the cases and to combine notices to creditors and other parties in interest.  Additionally, the Court will also be relieved of the burden or entering duplicative orders and maintaining duplicative files.

12.      The rights of Sanjel Canada Ltd.'s and the Prior Chapter 15 Debtors' respective creditors, stakeholders, and any other parties in interest will not be adversely affected by joint administration of the Cases because the relief requested in this Motion is purely administrative and in no way affects any party's substantive rights.

## INFORMATION REQUIRED BY BANKRUPTCY LOCAL RULE 1015

13.      As required by Bankruptcy Local Rule 1015, the Monitor and the Chapter 15 Debtors provide the following information below: (a) the name and case number of each case

4

sought to be jointly administered; (b) the proposed style and case number to be used on subsequent pleadings if joint administration is ordered; (c) a summary of any administrative or scheduling orders previously entered in the affected cases which may require modification; and (d) the need to propose amendments or consolidation of mailing lists in the affected cases for future noticing requirements.  L. Rule 1015.

(a)     *Name and Case Number of Each Case Sought to be Jointly Administered*

| Case Name | Case No. |
|---|---|
| **In re:**<br>**SANJEL CORPORATION** | **16-50784** |
| **In re:**<br>**SURETECH GROUP LTD** | **16-50786** |
| **In re:**<br>**SANJEL ENERGY SERVICES (USA) INC** | **16-50795** |
| **In re:**<br>**SANJEL (USA) INC.** | **16-50778** |
| **In re:**<br>**SURETECH COMPLETIONS (USA) INC.** | **16-50789** |
| **In re:**<br>**SANJEL CAPITAL (USA) INC.** | **16-50783** |
| **In re:**<br>**TERRACOR GROUP LTD.** | **16-50790** |
| **In re:**<br>**TERRACOR (USA) INC.** | **16-50791** |
| **In re:**<br>**TERRACOR RESOURCES (USA) INC.** | **16-50793** |

4846-5400-2992.1
113232\000001
04/11/2016 5:02 PM

| In re:                          | 16-50794 |
| ------------------------------- | -------- |
| **TERRACOR LOGISTICS (USA) INC.** |          |
| In re:                          | 16-50872 |
| **SANJEL CANADA LTD.**            |          |

      (b)    *Proposed Style and Case Number to be used on Subsequent Pleadings if Joint Administration is Ordered*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| In re: | § | **Case No. 16-50778** |
| --- | --- | --- |
| | § | |
| **Sanjel (USA) Inc.,** *et al.,* | § | **(Chapter 15)** |
| | § | |
| **Debtors in a foreign proceeding.** | § | **JOINTLY ADMINISTERED** |

      (c)    *Summary of any Administrative or Scheduling Orders Previously Entered in the Affected Cases Which may Require Modification*

The Monitor does not believe that prior joint administration orders need to be modified. The order on this Motion will simply provide that Sanjel Canada Ltd's case is jointly administered with the cases of the prior Chapter 15 Debtors.

      (d)    *Need to Propose Amendments or Consolidation of Mailing Lists in the Affected Cases for Future Noticing Requirements*

The Monitor would continue to maintain, update and file the Master Service List pursuant to the *Order Granting Emergency Motion to Limit Service* ordered in the prior Chapter 15 Debtors' jointly administered cases and the Monitor requests that it would apply to this case as well.

6

Contemporaneously with this Motion, the Monitor filed the *Emergency Motion to Limit Service* (the "Motion to Limit Service"), seeking, among other things, entry of an order authorizing the Foreign Representative to maintain a Master Service List (as defined in the Motion to Limit Service) and have it apply to this case for future filings.

## NO PRIOR REQUEST

14.     No prior request for the relief requested herein has been made to this or any other Court.

## NOTICE

15.     Notice of this Motion has been given to the parties on the Master Service List.

## PRAYER

The Monitor respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting joint administration of this case with the cases of the prior chapter 15 Debtors, and granting such other and further relief to which the Monitor may be justly entitled.

4846-5400-2992.1
113232\000001
04/11/2016 5:02 PM

Dated:  April 11, 2016                     Respectfully submitted,

                                           **DYKEMA COX SMITH**

                                           By:      */s/  Deborah D. Williamson*
                                                   Deborah D. Williamson
                                                   State Bar No. 21617500
                                                   Patrick L. Huffstickler
                                                   State Bar No. 10199250
                                                   Patrick B. McMillin
                                                   State Bar No. 24088035
                                                   112 East Pecan Street, Suite 1800
                                                   San Antonio, Texas 78205
                                                   (210) 554-5500
                                                   (210) 226-8395 (Fax)
                                                   dwilliamson@dykema.com

                                           **COUNSEL FOR THE CANADIAN MONITOR AND
                                           FOREIGN REPRESENTATIVE**


                           **CERTIFICATE OF SERVICE**

        I certify a copy of the foregoing document will be served upon the persons in the Master
Service List by overnight delivery, U.S. First Class Mail, postage pre-paid and/or by electronic
notification by the Electronic Case Filing system for the United States Bankruptcy Court for the
Western District of  Texas on or before April 11, 2016:

                                           */s/  Deborah D. Williamson*
                                           Deborah D. Williamson

8